UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC M. DOWDY,

        Petitioner,                                  Case No. 1:22-cv-12497

v.                                                    Honorable Thomas L. Ludington
                                                          United States District Judge

CHRIS KING,

        Respondent.
_____/

**ORDER TRANSFERRING CASE TO UNITED STATES COURT OF APPEALS FOR SIXTH CIRCUIT**

On October 18, 2022, Petitioner Eric Dowdy, confined at Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1.

But Petitioner already filed a habeas petition challenging his sentence, which was denied on the merits. *See Dowdy v. Jackson*, No. 20-10744, 2020 WL 6562093 (E.D. Mich. Nov. 9, 2020). Thus, his present petition is a second or successive petition that must be transferred to the Court of Appeals to determine this Court's jurisdiction to entertain Petitioner's claims.

I.

In 1986, Petitioner pleaded guilty to two counts of second-degree murder, MICH. COMP. L. § 750.317, and two counts of being a felon in possession of a firearm, MICH. COMP. L. § 750.227b. *See* ECF No. 1 at PageID.14. The Wayne County trial court sentenced Petitioner to concurrent terms of 30 to 45 years' imprisonment for the second-degree murder convictions, to be served consecutively to a two-year sentence for the felony-firearm convictions. *Dowdy v. Jackson*, No. 20-10744 2020 WL 6562093, at 1 (E.D. Mich. Nov. 9, 2020).

But, on September 4, 1987, Petitioner was resentenced to a "parolable" life sentence. *See Dowdy v. Jackson*, No. 20-10744, 2020 WL 6562093, at *1 (E.D. Mich. Nov. 9, 2020) ("At that time, conventional thinking was that parole would be achieved earlier form a parolable life sentence than from the effective 32-year minimum term defendant had received." (quoting *People v. Dowdy*, 933 N.W.2d 504, 505 (Mich. 2019) (Cavanaugh, J., concurring) (Mem.))).

Here, Petitioner continues to assert that he was sentenced to 30 to 45 years' imprisonment and that his "parolable" life sentence is invalid. *See generally* ECF No. 1. Accordingly, he argues that he is being wrongfully denied the use of disciplinary credits and parole because the Michigan Department of Corrections classifies him as a "lifer." *Id.* at PageID.9–11.

Despite Petitioner's characterizations, he is actually challenging the validity of his amended sentence a second time. *See id.* at PageID.11 ("Petitioner submits that the record is clear that he is unlawfully imprisoned and is now 5-years past his maximum sentence imposed by the State Trial Court."). Therefore, this Court will classify his filing as a successive habeas petition.

But Petitioner has not obtained appellate authorization to file a second or successive federal habeas petition as required. *See* 28 U.S.C. § 2244(b)(3)(A). Consequently, the Petition must be transfer this case to the Sixth Circuit.

## II.

The United States Supreme Court has explained that, though state prisoners are "entitled to one fair opportunity to seek federal habeas relief from his conviction," they "may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). A second or successive habeas petition requires the appropriate court of appeals to issue an order authorizing the district court to consider it. 28 U.S.C. § 2244(b)(e)(A); *In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017).

"The phrase 'second or successive application,' . . . is a 'term of art,' which 'is not self-defining.'" *Banister*, 140 S. Ct. at 1705 (first quoting *Slack v. McDaniel*, 529 U.S. 473, 486 (2000); and then quoting *Panetti v. Quarterman*, 551 U.S. 930, 943 (2007)); see also *In re Caldwell*, 917 F.3d 891, 893 (6th Cir. 2019) (noting that § 2244(b) "limits 'second or successive' applications" but "does not define 'second or successive'"). Yet it is clear from § 2254 and the relief that it provides that the phrase "must be interpreted with respect to the judgment challenged." *Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010).

A petition normally is "second or successive" if "[i]t amounts to a second or successive attempt to invalidate the judgment authorizing the petitioner's confinement." *In re Caldwell*, 917 F.3d at 893 (citing *Magwood*, 561 U.S. at 332–33). By contrast, a petition is not second or successive if "ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition," or if "a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the merits." *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (per curiam).

This Petition, however, is a second attempt to invalidate the same state-court judgment that was the subject of Petitioner's first habeas petition. Petitioner's current claims, that his "parolable" life sentence is invalid and that his sentence exceeds the 45-year maximum, at bottom, are the same as the claim that he raised in his first habeas petition challenging his "parolable" life sentence. *See Dowdy v. Jackson*, No. 20-10744, 2020 WL 6562093 (E.D. Mich. Nov. 9, 2020) (denying Petitioner's habeas petition as untimely); see also *Robinson v. Burton*, No. 1:16-CV-225, 2016 WL 11643031, at *1 (W.D. Mich. Mar. 21, 2016) ("A dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive." (first citing *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005); and then citing *Altman v. Benik*,

- 4 -

337 F.3d 764 (7th Cir. 2003))).

Federal district courts lack jurisdiction to consider a second or successive habeas petition without prior authorization from the appropriate court of appeals. *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016) (first citing 28 U.S.C. § 2244(b)(3); and then citing *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam)).

Petitioner has not obtained that permission yet. So the Petition must be transferred to the Sixth Circuit Court of Appeals under 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**III.**

Accordingly, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to transfer the above-captioned case to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 2244(b)(3)(A) and *In re Sims*, 111 F.3d 45 (6th Cir. 1997).


Dated: January 5, 2023                                s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge